UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

BURKESVILLE HARDWOODS, LLC, )
    PLAINTIFF )
 )
VS. )
 )
TRAVIS COOMER )   CIVIL ACTION NO. 1:18-cv-18-GNS
 )
AND, )
 )
UNKNOWN DEFENDANT NO. 1 )
 )
AND, )
 )
UNKNOWN DEFENDANT NO. 2, )
 )
    DEFENDANTS )

## COMPLAINT

Comes now Burkesville Hardwoods, LLC, a Louisiana Limited Liability Corporation, and for its cause of action against Defendant, Travis Coomer, and other unknown defendants, states as follows:

### INTRODUCTION AND PARTIES

1. This cause is essentially an action against Defendants for injunctive relief and damages due to Defendants' acts of theft, conversion and fraud involving theft of oil and/or gas from property owned by the Plaintiff in Cumberland County, Kentucky, and more particularly described herein.

2. Plaintiff, Burkesville Hardwood, LLC, is a foreign limited liability company, properly admitted to do business in Kentucky, but organized under the laws of the State of Louisiana. The sole member of the limited liability company is also a citizen and resident of the state of Louisiana.

3. Travis Coomer is a citizen and resident of Columbia, Adair County, Kentucky, and is amenable to service of process at 445 Press Mitchum Road, Columbia, Kentucky 42728.

4. Unknown Defendant No. 1 is presently unknown.

5. Unknown Defendant No. 2 is presently unknown.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 USCA Sec. 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the minimum jurisdictional limits of this Court.

7. This action arises out of the transaction of business, the commission of tortious acts and other activities by these Defendants in Cumberland County, Kentucky which is situate in the Western District of Kentucky's assigned counties for venue purposes.

## FACTUAL ALLEGATIONS

8. On or about April 6th, 1987, Plaintiff's predecessor in title entered into a lease for oil and gas on property situate in Cumberland County, Kentucky, and more particularly described as follows:

> A certain parcel of land and boundary line located in the commonwealth of Kentucky, County of Cumberland, near the Adair County line, being the portion of a tract conveyed to R.T. BAKER & A.O BAKER by deed of record in deed book Y on page 490, lying north of a high tension power transmission line, more specifically described, to-wit: Beginning nine and one third miles North 17 degrees East from the Cumberland County courthouse, on a western branch of Cedar Creek, at WGS84 longitude 85*19'15", latitude 36*55'09", on rebar pin set (all set pins are five eighths of an inch by eighteen inch rebar or half inch by eighteen inch square rod with a blue plastic cap number 2488) at the base of a twelve inch Elm tree on the bank of said branch in the original boundary line between the Radcliffe - Baker Heirs (R.T. Baker & A.O. Baker deed book Y, page 490) and

Washington Investor Services, Inc. (deed book 092, page 751); THENCE South 58 degrees 24 minutes 15 seconds East for a distance of 171.08 feet with Washington Investors Services to a five eighths inch rebar pin set at a Beech near a waterfall; THENCE South 53 degrees 07 minutes 15 seconds East for a distance of 516.64 feet down the branch to a pin set on the west side of the branch; THENCE South 01 degrees 12 minutes 45 seconds East for a distance of 379.48 feet to a pin set on the bank of the branch; THENCE South 19 degrees 41 minutes 00 seconds East for a distance of 193.38 feet to the forks of the branch; THENCE South 31 degrees 19 minutes 45 seconds East for a distance of 253.75 feet to a set pin; THENCE South 31 degrees 53 minutes 15 seconds East for a distance of 356.31 feet still down the branch to a set pin; THENCE South 17 degrees 16 minutes 00 seconds East for a distance of 570.23 feet to a rebar set in the forks of the ranch; THENCE South 89 degrees 33 minutes 45 seconds West for a distance of 509.67 feet up the branch to a pin set at the base of a ten inch Poplar; THENCE South 20 degrees 19 minutes 30 seconds West for a distance of 1083.31 feet leaving the branch up the ridge to a square rod set on the east side of the ridge top; THENCE South 38 degrees 47 minutes 30 seconds West for a distance of 788.44 feet to a rod set at a twelve inch Ash; THENCE South 01 degrees 48 minutes 00 seconds West for a distance of 313.41 feet to a rod set with Maple pointers; THENCE South 02 degrees 42 minutes 45 seconds East for a distance of 1505.82 feet to a five eighths inch by eighteen inch rebar set on a narrow ridge; THENCE South 05 degrees 27 minutes 15 seconds East for a distance of 114.03 feet to a second rebar set on said ridge; THENCE South 21 degrees 58 minutes 00 seconds East for a distance of 1084.43 feet to a five eights inch pin set five inches off the base of an eight inch Cedar; THENCE South 17 degrees 05 minutes 30 seconds East for a distance of 1214.10 feet to a pin set on the west hillside of a hollow with Beech pointer; THENCE South 29 degrees 29 minutes 15 seconds East for a distance of 681.30 feet crossing a dirt road to a pin set with Maple sapling pointers; THENCE South 08 degrees 54 minutes 00 seconds East for a distance of 568.31 feet to a pin set in the branch with a twelve inch Maple pointer at N78*11'40"W 12.86 feet; THENCE South 40 degrees 04 minutes 45 seconds East for a distance of 356.16 feet to a pin set on the northeast side of the branch with a six inch Maple pointer, in a high tension power line right of way; THENCE South 83 degrees 12 minutes 15 seconds West for a distance of 898.04 feet leaving Washington Investor Services, Inc. with a new division of R.T. Baker & A.O. Baker (deed book Y, Pg 490) to a five eighths inch rebar set in the center of the high tension power line and in line of Nancy J. Waidlich (deed book 140, page 335);

THENCE North 62 degrees 47 minutes 30 seconds West for a distance of 359.93 feet with Waidlich to a half inch rebar found on a hillside witnessed by two small Poplar saplings; THENCE North 25 degrees 04 minutes 45 seconds West for a distance of 321.40 feet to a half inch pin found three feet north of a ten inch Beech on the east bank of a branch; THENCE North 25 degrees 04 minutes 45 seconds West for a distance of 18.57 feet to the center of the branch; THENCE South 71 degrees 18 minutes 30 seconds West for a distance of 1226.22 feet with Mary Rose Stiltz (deed book 076, page 042) to a five eighths inch pin found corner to Polston, Polston, Bryant & Cary Property tract 5 (subdivision plat book 04, page 316); THENCE North 53 degrees 18 minutes 30 seconds West for a distance of 225.39 feet with said tract 5 to a found pin (2); THENCE North 27 degrees 04 minutes 15 seconds West for a distance of 131.86 feet to a found pin (3); THENCE North 07 degrees 05 minutes 00 seconds West for a distance of 165.12 feet to a found five eights inch rebar pin (4); THENCE North 28 degrees 33 minutes 00 seconds West for a distance of 944.16 feet to a found pin (5); THENCE North 11 degrees 36 minutes 00 seconds East for a distance of 627.00 feet to a pin found corner to tract 5 (6); THENCE South 88 degrees 35 minutes 00 seconds West for a distance of 693.05 feet to the seventh of seven found five eighths inch rebar pins corner to said tract 5; THENCE North 80 degrees 44 minutes 15 seconds West for a distance of 1165.68 feet with Rhaneus Griffith (deed book 130, page 593 - tract 1) to a half inch by eighteen inch square rod set S76*16'E 198.5 feet from the forks of a hollow; THENCE North 05 degrees 18 minutes 45 seconds West for a distance of 3795.29 feet leaving Griffith with Lawrence Teal (deed book 099, page 340) to a set half inch rod; THENCE North 02 degrees 19 minutes 15 seconds West for a distance of 1430.53 feet to a twenty four inch Ash found hacked and corner to Dale Moreau (deed book 86, page 469 - reference Survey book C, page 003); THENCE North 01 degrees 38 minutes 15 seconds West for a distance of 1197.84 feet with Moreau to a point in line 22.8 feet west from an oil well; THENCE North 01 degrees 38 minutes 15 seconds West for a distance of 1513.59 feet to a point in line 32.2 feet east of a 20" hacked Beech tree; THENCE North 01 degrees 38 minutes 15 seconds West for a distance of 716.88 feet to a rod set corner in Moreau on a branch; THENCE North 85 degrees 09 minutes 45 seconds East for a distance of 577.50 feet with Moreau to a five eights inch rebar pin set on the point of a ridge with pointers marked and corner to Ronnie London (Adair County deed book 190, page 520); THENCE South 33 degrees 06 minutes 00 seconds East for a distance of 1279.60 feet to a pin set at the original corner of London; THENCE South 28 degrees 29 minutes 30 seconds East

for a distance of 762.71 feet with a new division of R.T. & A.O. Baker and a tract conveyed to Ronnie London by deed of record in deed book 158, page 747; THENCE South 88 degrees 13 minutes 30 seconds East for a distance of 215.86 feet with the original Baker line to a five eighths pin set on the side of a ridge; THENCE North 88 degrees 43 minutes 30 seconds East for a distance of 121.05 feet along the brow with the original line to a pin set in a stump; THENCE North 83 degrees 51 minutes 00 seconds East for a distance of 2263.53 feet with the balance of the parcel conveyed to said London to the point of beginning encompassing a computed 842.82 acres as determined by survey of Timothy A. Phipps, PLS 2488, began in 2005 and completed the 22 August, 2011, with a boundary division common to Ronnie London completed the 23 May, 2013. Together with and subject to covenants, easements, and restrictions of record.

Being the same property conveyed to Burkesville Hardwood, LLC, by Bay Holding, LLC by General Warranty Deed, dated June 29, 2015, in Deed Book 163, page 492, and as corrected by Deed of Correction dated October 7, 2015, Deed Book 164, 348, both in the Office of the Cumberland County Clerk.

9. Under the terms and conditions of that lease, Travis Coomer Drilling Company agreed to pay royalties to the then property owner, and any subsequent owner.

10. Travis Coomer Drilling Company had lapsed and been administratively dissolved by the Kentucky Secretary of State.

11. Travis Coomer, individually, and/or his agents, has/have removed oil from the property in question without making any payment whatsoever to the Plaintiff. These actions are fraudulent in nature, if not unlawful in nature.

12. Plaintiff has filed an Affidavit of Non-Production and Non-Payment with the Cumberland County Clerk given non-payment.

13. A now defunct entity, Travis Coomer Drilling Company, agreed to make royalty payments, pursuant to the lease, to the property owner.

14. Travis Coomer Drilling Company is no longer owned and operated by Travis Coomer.

15. Defendant Travis Coomer has been instructed not to enter upon the property until such time as the parties can reach an agreement, or this Court shall make a determination as to the parties' rights and obligations, if any.

16. Under Kentucky law, the Plaintiff has certain rights and remedies for the described violations, including injunctive relief and compensatory damages.

17. Upon information and belief, Defendant Coomer, or his agents, have continued to trespass on Plaintiff's property and have sold oil and/or gas without making required dispensation to the Plaintiff.

18. Travis Coomer has entered upon the Plaintiff's property without title and for the purposes of the removal of oil and gas from said property.

19. Plaintiff, through its agents and attorneys, have repeatedly advised Coomer not to trespass upon the Plaintiff's property, but Defendant Coomer has failed and/or refused to comply.

20. After Plaintiff's purchase of the property, Defendant Coomer has made no monetary payments to the Plaintiff whatsoever.

21. If the Lease Agreement is valid, which is denied, the said Lease Agreement preserves all remedies available to the Plaintiff at law for the Defendant Coomer's wrongful acts, and Defendant Coomer has failed and/or refused to comply with the covenants of the Agreements.

22. The tortious and unlawful acts of Defendants, including Defendant Travis Coomer, render them liable to Plaintiff for injunctive relief and damages in an amount as yet to be determined, but in excess of the jurisdictional limits of this Court.

### REQUEST FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

23. Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 22 of this Complaint.

24. Defendant Travis Coomer has acted tortuously, and continues to act tortuously. In the alternative, Defendant Coomer has breached any Agreement, (the existence of which agreement is denied—either express and/or implied), with Plaintiff described herein above.

25. As a result, Plaintiff has been severely and irreparably damaged. Unless the Defendant Coomer is likewise restrained and/or enjoined from continuing to act tortuously and/or in the alternative, breaching the covenants in the Lease Agreement, Plaintiff will suffer further irreparable injury to its business, for which it has no adequate remedy at law.

26. Plaintiff specifically requests the injunctive relief provided for in KRS 365.882. In that regard, immediate relief is particularly crucial in this case, as the Defendant Coomer is selling oil from the Plaintiff's property without any accounting to the Plaintiff. Plaintiff cannot, and does not, know the amounts of oil removed and sold by Defendant Coomer.

27. As a result, Plaintiff has been severely and irreparably damaged. Unless Defendant Coomer is restrained and/or enjoined from continuing to commit such acts, Plaintiff will suffer further irreparable injury to its business, for which it has no adequate remedy at law.

28. Immediate relief is particularly crucial in this case, as Defendant Coomer removes oil and gas from the Plaintiffs property without any easy means of identification of the same or calculation of the amount taken.

## BREACH OF CONTRACT AND CONSPIRACY TO BREACH CONTRACT

29. Plaintiffs reallege and incorporate by reference their allegations in Paragraphs 1 through 28 of this Complaint.

30. Through the Lease Agreement described above, the Plaintiff's predecessor in title contracted with "Travis Coomer Drilling, Inc." for what is commonly referred to as an Oil and Gas Lease. Travis Coomer Drilling, Inc. does not exist as a going concern, or in the alternative, is not an entity owned by Travis Coomer.

31. Travis Coomer individually, has breached any Lease Agreement, if any, by taking oil and gas that does not belong to him, and to which he has no legal right.

32. Plaintiff has suffered and continues to suffer substantial damages, in an amount as yet undetermined, but in excess of the jurisdictional limits of this Court.

33. Upon information and belief, the Defendant Coomer has used agents and employees to enter upon Plaintiff's property to remove the oil and gas therefrom, and as such has conspired with other as yet unknown Defendants to breach any agreement if any, and to take oil and gas belonging to the Plaintiff.

34. Defendant Coomer is and was aware that he has no legal right to take oil and gas from Plaintiff's property. Whereas, Defendant Coomer and as yet Unknown Defendants did conspire with the intent to wrongfully deprive the Plaintiffs of the proceeds of oil and gas on Plaintiff's property.

35. By reason of the conspiracy and the misappropriation of oil and gas on Plaintiff's property, Defendant Coomer and as yet Unknown Defendants have committed conspiracy in the furtherance of said Defendant's breaches of any Lease Agreement, if any.

36. That the Plaintiffs have suffered losses in its assets in the form of a loss of profits from the sale of oil and gas. As a direct and proximate result of the Defendants' breaches, Plaintiff has suffered substantial damages and losses as yet undetermined, but in an amount in excess of this Court's jurisdictional limits.

## BREACH OF FIDUCIARY DUTY

37. Plaintiffs reallege and incorporate by reference their allegations in Paragraphs 1 through 36 of this Complaint.

38. The Defendant Coomer and as yet Unknown Defendants, as fiduciaries required to make dispensation to Plaintiff, were placed in a position of trust which created a fiducial relationship between Plaintiffs and each individual Defendant, including Defendant Travis Coomer. The Defendants, including Defendant Coomer, voluntarily assumed the aforementioned duties.

39. The Defendants, including Defendant Coomer, owed to the Plaintiff a fiduciary duty.

40. The Defendants, including Defendant Coomer, took oil and gas at various times belonging to the Plaintiff, for other than these Plaintiff's benefits. Further, the Defendants, including Defendant Coomer, sold Plaintiff's oil and gas and appropriated the proceeds for their own benefit.

41. The Defendants, including Defendant Coomer, actions constituted a breach of their fiduciary duty to the Plaintiff.

42. As a direct and proximate result of the Defendants', including Defendant Coomer, breach of their/his fiduciary duty, the Plaintiff has suffered substantial damages and losses as yet undetermined, but in an amount in excess of this Court's jurisdictional limits.

## CONVERSION

43. Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 42 of this Complaint.

44. At all relevant times the Defendants, including Defendant Coomer, removed amounts of oil and gas belonging to this Plaintiff. Likewise, the Defendants, including Defendant Coomer, converted assets of this Plaintiff which are specific and capable of identification and/or specification. Moreover, these Defendants, including Defendant Coomer, had no right of ownership to these assets.

45. By the conduct alleged above, the Defendants, including Defendant Coomer, engaged in the conversion of the property of the Plaintiff by systematically misappropriating, misusing and otherwise wrongfully removing assets of these Plaintiff for the Defendants' benefit and others.

46. As a direct and proximate result of this conduct, the Plaintiff was damaged in an amount not yet determined, but in excess of the jurisdictional limits of this Court.

## PUNITIVE DAMAGES

47. Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 46 of this Complaint.

48. Defendants' acts were committed with a conscious and reckless disregard of the Plaintiff's rights with the willful, wanton and malicious intent to injure the Plaintiff,

entitling the Plaintiff to an award of punitive damages in an amount sufficient to punish each defendant and to deter others from similar conduct.

## DECLARATION OF RIGHTS/ACCOUNTING

49. Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 48 of this Complaint.

50. Plaintiff asserts that there is a true and actual controversy between Plaintiff and the Defendants, which is justiciable in nature pursuant to the various laws of the Commonwealth of Kentucky.

51. Plaintiff seeks an accounting of all oil and gas removed from its property.

52. That the rights and remedies requested have a value as yet to be determined, but are in an amount in excess of the Court' jurisdictional limits.

WHEREFORE, Plaintiff, Burkesville Hardwoods, LLC, respectfully demand as follows:

1. Trial by Jury on all issues so triable;

2. That the Defendant Travis Coomer, his affiliates, partners, officers, employees, agents, attorneys, successors and assigns, and all persons in active concert with him, be restrained and/or enjoined during the pendency of this action, and permanently enjoined from:

    a. Trespassing and damaging Plaintiff's property; and,

    b. Directly or indirectly removing any oil and gas from said property.

3. That any Oil and Gas Lease, if any, be found void;

4. That Plaintiff be awarded actual damages as set forth in this Complaint;

5. That Plaintiffs be awarded punitive as set forth in this Complaint;

11

6. That Plaintiffs be awarded their costs for this action, together with reasonable attorneys' fees; and,

7. Any and all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

HARLAN E. JUDD & ASSOCIATES, PSC
869 Broadway Avenue
P.O. Box 51093
Bowling Green, KY 42104
Telephone: 270.904.4141

s/Harlan Judd

———————————————
Harlan E. (Kin) Judd III

Counsel for Plaintiff, Burkesville Hardwoods, LLC