# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:18-CV-00018-GNS-HBB

**BURKESVILLE HARDWOODS, LLC**                                              **PLAINTIFF**

**VS.**

**TRAVIS COOMER, et al.**                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff Burkesville Hardwoods, LLC to amend the scheduling order (DN 70). Defendant Travis Coomer has filed response in opposition (DN 74), and Plaintiff has filed a reply (DN 75).

This case arises from a dispute over an oil and gas lease. The most recent scheduling order, entered September 27, 2022, required Plaintiff to disclose the identity of any experts and provide a written report no later than April 15, 2023 (DN 59). Plaintiff's motion, filed on July 20, 2023, requests that the deadline for its expert identification be extended to thirty days after entry of an order granting the motion. Plaintiff states that it retained an expert, Clay Kimbrell, in June of 2022. Kimbrell is a petroleum engineer whom Plaintiff intends to offer testimony regarding oil production from the lease in question. Plaintiff explains that Kimbrell was engaged to review records of oil production and also to view the property and observe whether Defendant's operation was active. Plaintiff states that Kimbrell was "for the most part" ready to write his report in November of 2022 but needed additional information from Defendant. A second set of written discovery was submitted to Defendant on November 16, 2022, but Defendant failed to provide responses until June 8, 2023, after Plaintiff's deadline for identification of the expert witness expired. Notwithstanding that there was no formal identification of Kimbrell as an expert, Plaintiff contends that Defendant was on notice that Plaintiff had retained an expert based on statements

made by Plaintiff's prior counsel during the deposition of Travis Coomer on July 12, 2022, and the expert's identity was disclosed to opposing counsel during a telephonic status conference on June 20, 2023.

Plaintiff also states that the withdrawal of its prior counsel presents an additional layer of complication to the case. As noted, the deadline to identify experts was April 15, 2023. On May 3, 2023, prior counsel advised Plaintiff of his need to withdraw from the case, and the next day he advised Plaintiff that he had not yet made any expert witness disclosures. He moved to withdraw on May 10, 2023. Richard Richardson, who was previously Plaintiff's co-counsel but withdrew to avoid a conflict as a witness, participated in a telephonic conference with the Court on June 20, 2023, during which Richardson disclosed Kimbrell's identity as an expert. Current counsel did not enter an appearance for Plaintiff until July 17, 2023.

As Plaintiff notes, Fed. R. Civ. P. 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent." "'The primary measure of [Civil] Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014) (quoting Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). But the Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Smith, 595 F. App'x at 479. Thus, a movant who fails to show he acted diligently will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. Interstate Packaging Co. v. Century Indem. Co., 291 F.R.D. 139, 145 (M.D.

Tenn. 2013) (citing <u>Leary v. Daeschner</u>, 349 F.3d 888, 906, 909 (6th Cir. 2003); <u>Korn v. Paul Revere Life Ins. Co.</u>, 382 F. App'x 443, 449 (6th Cir. 2010)).

Plaintiff cites <u>Dowling v. Cleveland Clinic Found.</u>, 593 F.3d 472 (6th Cir. 2010) as setting the criteria for when "good cause" has been demonstrated for amendment of the scheduling order. That case identified five elements for consideration: (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [i.e., the outcome at the trial court]; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. <u>Dowling</u>, 593 F.3d at 478. However, this test is directed to the question of whether a scheduling order should be amended to provide additional time for *discovery*. Here, the request is for additional time in which to identify an expert witness and provide a report under Rule 26(a)(2). Given that the motion was not made until after the expiration of the deadline, the Court is called upon to focus on Plaintiff's diligence in attempting to meet the disclosure deadline. A modification of a scheduling order deadline is only appropriate when the relevant deadline "cannot reasonably be met despite the diligence of the party seeking the extension." <u>Leary</u>, 349 F.3d at 906. The moving party's diligence in attempting to meet the requirements of the scheduling order is, therefore, the primary measure of Rule 16's "good cause" standard. <u>Inge</u>, 281 F. App'x at 625.

Plaintiff offers two reasons why it did not timely identify an expert witness. First, Plaintiff indicates that its prior attorney did not inform it that a timely identification had not been filed until after the deadline had expired and contemporaneous with prior counsel's departure from the case. This provides no basis upon which to amend the scheduling order. As the undersigned has previously observed in response to a similar argument:

> "It must be admitted that in the preparation and trial of a law suit the attorney acts as the agent of his client and that the client is bound by the acts of his attorney in

the course of that litigation." Lisanby v. Illinois C. R. Co., 209 Ky. 325, 272 S.W. 753, 754 (Ky. 1925). Carelessness or attorney error is insufficient to constitute good cause under Rule 16(b), even when a party was not informed of her attorney's actions. Banks v. City of Philadelphia, No. 14-82, 309 F.R.D. 287, 290-91 (E.D. Penn. Aug. 14, 2015). "The case law is clear, however, that after the party's lack of diligence has otherwise been established, new counsel's entry into a case does not serve as a magic wand that enables the party to conjure up a showing of good cause." GlaxoSmithKline LLC v. Glenmark Pharms. Inc., USA, No. 14-877-LPS-CJB, 2016 U.S. Dist. LEXIS 173408, 2016 WL 7319670, at *3 (D. Del. Dec. 15, 2016).

Garrison v. Sam's East, Inc., No. 1:16-CV-00152-GNS, 2018 U.S. Dist. LEXIS 161483, at *6-7 (W.D. Ky. Sept. 21, 2018).

Plaintiff's second argument is that Defendant failed to timely respond to discovery requests and provide information which Plaintiff's expert needed to finalize his opinions and report. Plaintiff filed the action on January 29, 2018 (DN 1). The first scheduling order was entered on April 18, 2018 (DN 11), opening the way for the parties to engage in discovery. Plaintiff submitted the written discovery requests it contends would procure the information necessary for the expert's review on November 16, 2022, but did not receive a response until June 8, 2023, after the April 15, 2023 deadline for Plaintiff's expert identification. What Plaintiff fails to explain, however, is why it did not seek either the compulsion of Defendant's discovery responses or an extension of the disclosure deadline during the several months after the responses were overdue, knowing that the deadline was approaching. When a party asserts as a reason for missing an expert disclosure deadline that the opposing party failed to provide needed information through discovery, the Court must take into consideration whether the moving party requested the Court's assistance in compelling the information or extending the deadline before it expired in assessing the moving party's diligence. *See* Harmon v. Green-Taylor Water Dist., No. 1:17-CV-00071-GNS, 2018 U.S. Dist. LEXIS 135964, at *8 (W.D. Ky. Aug. 13, 2018).

Plaintiff also contends that, while it did not make a formal identification of its expert witness, it nonetheless placed Defendant on notice that it had an expert retained, based on comments made by prior counsel during a discovery deposition and a statement made during a telephonic status conference with the Court. The undersigned fails to discern how a general advisement that a party has an expert retained does anything to advance the objectives of Rule 26(a)(2). The rule requires not only the identification of an expert, but a provision of a report setting forth the expert's opinions and the foundation for those opinions.

> The requirement that an expert report contain a complete statement of all opinions and the basis therefore is included in Rule 26(a)(2)(B) in order to "avoid the disclosures of 'sketchy and vague' expert information."

Nan Ya Plastics Corp. v. Global Polymers, LLC, No. 3:04-CV-529-S, 2005 U.S. Dist. LEXIS 46035, at *5 (W.D. Ky. Oct. 6, 2005) (quoting Dunkin' Donuts, Inc. v. Patel, 174 F. Supp. 2d 202, 211 (D.N.J. 2001)). Here Plaintiff's informal advisement before the disclosure deadline expired that it had an expert retained and reviewing the matter, or the provision of the expert's identity after the deadline expired, did nothing to apprise Defendant of the expert's anticipated testimony, as required by Rule 26(a)(2).

In sum, the undersigned concludes that Plaintiff has failed to demonstrate its diligence in attempting to meet the deadline established in the scheduling order for identification of is expert witness, and, as such, Plaintiff's motion to amend the scheduling order, DN 70, is **DENIED**.

December 20, 2023

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to: Counsel of Record